

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,**

**REPORT AND**
**RECOMMENDATION**
**13-CR-06012(CJS)**

v.

**IRIS DIAZ,**

          **Defendants.**

## Background

By Text Order of Judge Charles J. Siragusa dated January 16, 2013, all pretrial motions have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). (Docket #35). Omnibus motions were filed by the defendant (Docket #65), the Government responded (Docket #72) and the Court heard argument on June 18, 2013. On June 21, 2013, the Court issued an Order confirming resolution or determination of all issues <u>except</u> the defendant's motion to suppress the identification of the defendant made by a confidential informant (CI) who was shown a photographic array by law enforcement.

On July 10, 2013, the undersigned conducted a suppression hearing as to the admissibility of the identification procedure. The Court examined the array (Government Exhibit 1) and the six photographs contained therein. The Court also heard testimony from DEA Agent David Turner, the individual who displayed the array to the CI on May 10, 2013.

At the conclusion of the hearing, I issued an oral Report and Recommendation finding that neither the composition of the array nor the manner in which the array was shown to the CI was unduly suggestive or improper and therefore the defendant's due process rights were not violated by law enforcement.

This brief written Order will serve to formally confirm that determination and advise the defendant that any objection to my Recommendation denying his motion to suppress the identification procedure conducted on May 10, 2013 must be accompanied by a copy of that portion of the hearing transcript where the Court set forth its findings of fact and conclusions of law as to the bases for my July 10, 2013 oral Report and Recommendation.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: July 11, 2013
Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections ... shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated:   July 11, 2013
         Rochester, New York

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. <u>United States v. Andress</u>, 943 F.2d 622 (6th Cir. 1991); <u>United States v. Long</u>, 900 F.2d 1270 (8th Cir. 1990).

3